**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**DANIEL HENDERSON, #20000-045**                                      **PETITIONER**

**VERSUS**                                      **CIVIL ACTION NO. 5:12cv113-DCB-JMR**

**PULASKI COUNTY COURTHOUSE**                                      **RESPONDENT**

<u>**MEMORANDUM OPINION AND ORDER OF DISMISSAL**</u>

        BEFORE THE COURT is *pro se* Petitioner Daniel Henderson's Petition for Writ of

Habeas Corpus [1], pursuant to 28 U.S.C. § 2241.  He is incarcerated with the Federal Bureau of

Prisons and challenges a detainer lodged by the State of Missouri.  He seeks dismissal of the

Missouri criminal proceedings.  The Court has considered and liberally construed the pleadings.

As set forth below, this case should be dismissed.

**BACKGROUND**

        On August 10, 2012, Petitioner filed the instant action.  He is currently housed at the

Federal Correctional Institution–Yazoo City.  He alleges that he was convicted in the Western

District of Missouri for possession of firearms by a felon and in connection with drug trafficking.

Missouri lodged a detainer against him based on State charges arising from the same incident.

He currently has an interlocutory appeal before the Missouri Court of Appeals challenging the

State charges on the same grounds he brings here.

        Before this Court, Petitioner complains the detainer violates the Interstate Agreement

Act, his right to a speedy trial, and double jeopardy.  The double jeopardy, he claims, is from

being convicted in federal court and yet facing the same charges in State court.  He further

claims that the detainer keeps him from being placed in a federal halfway house.   He asks the

Court to order the State court to dismiss the charges.

## DISCUSSION

Petitioner seeks dismissal of the State court charges on grounds of the Interstate Agreement Act, speedy trial, and double jeopardy.   Absent "special circumstances," federal habeas corpus is not available "to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973).  An exception is drawn based on the type of relief sought by the petitioner.  *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976).  The distinction is "between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial process' by litigating a speedy trial defense . . . prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial."  *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Brown*, 530 F.2d at 1283).  Generally, the Court is without authority to abort the State criminal trial.  *Dickerson*, 816 F.2d at 226.  On the other hand, a federal court "may generally consider a habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him."  *Green v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988).

Petitioner first asks that the State charges be dismissed on the basis of the Interstate Agreement Act and Speedy Trial Clause.  Under both of these claims, he maintains that Missouri has failed to prosecute him timely.  He does not seek to force the State to bring him to trial. Since federal habeas corpus is not available to abort the State trial on these grounds, they are dismissed without prejudice.

As for the third claim, double jeopardy can be considered a special circumstance

warranting pretrial habeas relief and prevention of a State criminal trial. *Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 303 (1984); *Showery v. Samaniego*, 814 F.2d 200, 201 n.5 (5th Cir. 1987); *Davis v. Herring*, 800 F.2d 513, 514 (5th Cir. 1986) (aff'g injunction prohibiting state criminal trial on double jeopardy grounds). This is because the Double Jeopardy Clause protects "against being twice put to trial for the same offense. . . . [and] a requirement that a defendant run the entire gamut of state procedures, including retrial, prior to consideration of his claim in federal court, would require him to sacrifice one of the protections of the Double Jeopardy Clause." *Justices*, 466 U.S. at 303.

However, Petitioner can bring a federal habeas claim only if he has exhausted the claim in State court. *Dickerson*, 816 F.2d at 228. This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). According to the Fifth Circuit:

> [A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225. In order to exhaust his double jeopardy claim, he is required to seek relief from the highest court of the State. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). *See*, *D.D. v. White*, 650 F.2d 749, 750 (5th Cir. 1981). Petitioner admits that the Missouri Court of Appeals is currently reviewing this claim on interlocutory appeal, which he filed March 21, 2012. He has not yet sought relief from the highest State court, the Missouri Supreme Court. Therefore, it is clear that he has not yet exhausted this claim.

Even if Petitioner's double jeopardy claim is exhausted, it fails, because double jeopardy does not protect against separate trials from two different sovereigns. *Heath v. Alabama*, 474

U.S. 82, 92 (1985).  "This Court has plainly and repeatedly stated that two identical offenses are *not* the 'same offence' within the meaning of the Double Jeopardy Clause if they are prosecuted by different sovereigns."  *Id.* (holding Alabama could try petitioner for the same murder he was convicted of in Georgia).  "As a sovereign, [Missouri] 'has the right to decide that a [federal] prosecution has not vindicated a violation of the "peace and dignity" of the [State] government.'"  *United States v. Angleton*, 314 F.3d 767, 771 (5th Cir. 2002) (quoting *Heath*, 474 U.S. at 93).  Because there is no double jeopardy violation, this claim is dismissed with prejudice.

   **IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the foregoing reasons, the double jeopardy claim should be and is hereby **DISMISSED WITH PREJUDICE**.  The remainder is **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

   **SO ORDERED**, this the 16th day of August, 2012.

        s/David Bramlette
        UNITED STATES DISTRICT JUDGE

4